CASPER G. WARE

*v.*

FRANCIS B. MULFORD et al.

MELISSA MULFORD'S EXECUTORS

*v.*

CASPER G. WARE.

[Heard and determined December 28th, 1911.]

An illiterate woman, approaching ninety years of age, and suffering from a broken hip, and as to whose mental impairment by age and illness the evidence was conflicting, made a voluntary gift to a relative of all her

property, except a pension of $144 per year, and unproductive real estate, valued at about $600 or $700, at a time when it was most needed, and was operative to render her an object of charity.—*Held* that, in the absence of proper independent advice as to the character of the gift, even though the donee had not sought the gift, nor known of it in advance, equity would set it aside.

---

On bill, &c., to foreclose mortgage. On bill, &c., to set aside assignment of mortgage. (Both cases heard together.)

*Mr. George Ebner* and *Mr. John W. Wescott,* for Casper G. Ware.

*Messrs. Hampton & Fithian,* for Melissa Mulford's executors.

*Mr. James S. Ware,* for the sundry creditors.

Leaming, V. C.

I am convinced that this case is controlled by the principles defined in *Slack* v. *Rees, 66 N. J. Eq. (21 Dick.) 447,* and *Post* v. *Hagan, 71 N. J. Eq. (1 Buch.) 234.*

As pointed out in the cases cited the rule requiring independent advice to support a gift of the nature and under the circumstances of the one here in question arises from the presumption that a donor, circumstanced as the donor in this case, has not appreciated the irrevocable character of her act or has not foreseen its legal consequences to herself unless first fully advised by a disinterested person capable of so advising. The purpose of the rule, as there stated, is not so much to afford protection to the donor against the consequences of undue influence exercised over her by the donee as it is to afford protection against the consequences of voluntary action on her part, induced by the existence of the relationship between them, the effect of which, upon her own interests, she may only partially understand or appreciate. It necessarily follows that it is not essential to the application of this rule that the donee should seek the gift or even know of it in advance.

The gift here in question did not include all of donor's property. It left her with a pension of $144 per year and unpro-

ductive real estate in value about six or seven hundred dollars. But the gift comprised the bulk of donor's estate and was made at a time when it was most needed and was operative to render her an object of charity.

This view renders it unnecessary to pass upon the claim made in behalf of complainant that donor was mentally incapable of making a conveyance of property. It is obvious, however, that the necessity for independent advice in a case of this nature increases as the mental capacity decreases. The evidence discloses that donor was an illiterate woman, and at the date of the gift here in question was approaching ninety years of age, and was suffering from a broken hip with little, if any, prospect of recovery. The testimony is in almost irreconcilable conflict as to the extent to which her mind had become impaired by age and illness, but, at least, sufficient appears to suggest grave doubt whether she could have adequately appreciated the consequences of what she did even had she been carefully advised on the subject.

I am obliged to advise a decree setting aside the gift.